UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

JEANNETTE HATHAWAY,                      )
                                         )
                Plaintiff,               )
                                         )
vs.                                      )
                                         )
RAMCO-GERSHENSON, INC., a foreign        )
for-profit corporation,                  )
                                         )
                Defendant.               )
                                         )
_____    )

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, Ramco-Gershenson, Inc. ("Ramco" or "Defendant"), in accordance with the applicable Federal Rules of Civil Procedure and 28 U.S.C. §§ 1332, 1441, and 1446, hereby files its Notice of and Petition for Removal (the "Notice"). Defendant requests that the Court remove this action filed by Plaintiff, Jeannette Hathaway ("Plaintiff"), from the 17th Judicial Circuit Court in and for Broward County, Florida, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

1.      On or about May 10, 2018, Plaintiff filed a civil action in the Circuit Court in and for Broward County, Florida, under the name *Jeannette Hathaway v. Ramco-Gershenson, Inc.*, (hereinafter the "Circuit Court case"). The Circuit Court case was assigned Case No. CACE-18-011338.

2.      On May 17, 2018, Plaintiff served Defendant with a Summons and the Complaint. *See* Exhibit 1. Therefore, this Notice has been filed within 30 days after service of the Complaint pursuant to 28 U.S.C. § 1446(b).

3.      A copy of all process, pleadings, and orders served upon Defendant is attached to this Notice as **Exhibit 1**, as required by 28 U.S.C. § 1446(a).

4.      Pursuant to 28 U.S.C. § 1446(d), Defendant provided written notice of the removal to all adverse parties in this action by filing a copy of this Notice in the Circuit Court in and for Broward County, Florida.

5.      The District Court of the United States has original jurisdiction over this matter because it involves a controversy between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

6.      The district embracing the place where such action is pending is the United States District Court for the Southern District of Florida.  *See* 28 U.S.C. § 1441(a).

## I.      <u>DIVERSITY OF CITIZENSHIP</u>

7.      At all relevant times, Plaintiff has been a resident of Miami-Dade County, Florida and therefore, is a citizen of Florida.  *See* Plaintiff's Complaint at Exhibit 1 at ¶ 2.

8.      In the Complaint, Plaintiff does not assert any allegations concerning Defendant's citizenship other than to say that, "[a]t all relevant times Defendant was, and still is, a foreign for-profit corporation authorized to do business, and doing business, in Broward County, Florida" *Id.* at ¶ 3.

9.      Ramco is a Foreign Profit Corporation whose principal place of business is in Farmington Hills, Michigan.  *See* Ramco's 2018 Foreign Profit Annual Report which is available on Florida's Secretary of State Website, a copy of which is attached hereto at **Exhibit 2**.[1]

---

[1]      Defendant requests that the Court take judicial notice of this record.  *See Allstate Ins. Co. v. Estate of Levesque*, No. 8:08-cv-2253-T-33EAJ, 2010 U.S. Dist. LEXIS 83299, at *5-6 (M.D. Fla. July 19, 2010) (providing that case law from the Eleventh Circuit and other jurisdictions supports judicially noticing documents filed with the Division of Corporations).

10.      As of the time of the events alleged in the Complaint, and at the time the Circuit Court case was filed, Ramco was, and continues to be, incorporated in Michigan and headquartered in Farmington Hills, Michigan.  See Declaration of Deanna Cain ("Cain Dec.") attached hereto as **Exhibit 3** at ¶ 4.

11.      Additionally, Ramco's officers direct, control, and coordinate the company's activities out of Farmington Hills, Michigan.  *Id.* at ¶ 5.  Therefore, Ramco is a citizen of Michigan.  *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters . . . .") (citations omitted).

12.      Accordingly, diversity of citizenship exists between the parties.

## II.      AMOUNT IN CONTROVERSY

13.      Pursuant to 28 U.S.C. § 1446(c)(2)(B), as amended, the notice of removal may assert the amount in controversy and removal is proper if the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.

14.      A notice of removal need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold . . . ."  *Goldstein v. GFS Mkt. Realty Four, LLC*, No. 16-cv-60956-GAYLES, 2016 U.S. Dist. LEXIS 128839, at *8 (S.D. Fla. Sept. 21, 2016).

15.      For purposes of establishing diversity jurisdiction, the Court may consider the entire record presented to it and not just the allegations in the Complaint.  *See Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-cv-1212-EAK-TBM, 2014 U.S. Dist. LEXIS 126654, at *3 (M.D.

Fla. Sept. 10, 2014) ("When determining if an unspecified amount in controversy is met, the Court may look beyond the complaint to 'evidence relevant to the amount in controversy at the time the case was removed.'") (internal citations omitted); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (finding district courts may make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removal.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

16. District Courts should not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770.

17. In the Complaint, Plaintiff made an unspecified demand for damages so as to trigger the Eleventh Circuit's *Tapscott* standard. *See Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000) ("where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement"); *see also Roe*, 613 F.3d at 1064 ("preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case. This rule would reward plaintiffs for employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant"); *Young v. Roy's Rest.*, No. 6:06-cv-178-Orl-19JGG, 2006 U.S. Dist. LEXIS 48483, at *8 (M.D. Fla. July 16, 2006) ("[i]n making the discretionary determination of whether to remand, the Supreme Court has instructed courts to weigh the values of judicial economy, convenience, fairness, and comity.

4

Central to this inquiry is whether a plaintiff has engaged in gamesmanship or manipulative tactics . . . tactical manipulation by the plaintiff . . . cannot be condoned") (internal citations omitted).[2]

18.     Plaintiff seeks damages against Ramco, for example, back pay, front pay, "compensatory damages, including damages for emotional distress, humiliation, and loss of dignity," interest, reasonable attorney's fees, costs, and "[a]ny further relief the Court deems just and equitable." Exhibit 1 at WHEREFORE clause following ¶ 17.

19.     Under Florida's Private Whistleblower Act ("FWA"), which is the basis for Count I of the Complaint, if Plaintiff prevails in this matter, the Court may order the following relief:

> (a)   An injunction restraining continued violation of this act.
>
> (b)   Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position.
>
> (c)   Reinstatement of full fringe benefits and seniority rights.
>
> (d)   Compensation for lost wages, benefits, and other remuneration.
>
> (e)   Any other compensatory damages allowable at law.

*See* Fla. Stat. § 448.103.

## A.     BACK PAY

20.     In determining whether the amount in controversy has been met, the Court may consider Plaintiff's recoverable back pay through the date of removal. *See Prenatt v. KIMC Invs.*, No. 2:12-cv-14137-KMM, 2012 U.S. Dist. LEXIS 83822, at *4 (S.D. Fla. June 18, 2012).

---

[2]     A plaintiff's unspecified demand does not place upon a removing defendant the daunting burden of proving, to a legal certainty, that a plaintiff's damages exceed the amount in controversy requirement. *Tapscott*, 77 F.3d at 1357.

21.     "[I]n calculating a back pay award, the trial court must determine what the employee would have earned had she not been the victim of discrimination, and must subtract from this figure the amount of actual interim earnings." *Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141-J-32HTS, 2005 U.S. Dist. LEXIS 38862, at *10 (M.D. Fla. May 11, 2005).

22.     Plaintiff was employed by Ramco from on or about May 27, 2014 until on or about February 26, 2018.  Exhibit 3 at ¶ 7.  At the time of her termination, Plaintiff was earning approximately $100,602/year or $1,934.65/week.  *Id.* at ¶ 8.

23.     Since Plaintiff's termination, her lost wages to date (15 weeks) is approximately $29,019.81.  Through the eventual trial date, this amount could be significantly higher.  It is therefore reasonable to assume that Plaintiff's potential recovery of back pay, in addition to the other damages Plaintiff may recover if she prevails (as discussed below), could easily satisfy the amount in controversy.  *See Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, at *16 (N.D. Fla. Mar. 6, 2012) (finding amount in controversy requirement was satisfied by the collective amount of recoverable back wages, compensatory damages, and reasonable attorney's fees); *Penalver v. Northern Elec. Inc.*, No. 12-80188-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 53662, at *10 (S.D. Fla. Apr. 17, 2012) ("The aggregate amount of the estimated back pay, front pay, compensatory damages, punitive damages, and attorney's fees demonstrates that it is more likely than not that the amount in controversy exceeds $75,000.").

### B.     FRONT PAY

24.     Under the FWA, a prevailing plaintiff could be awarded reinstatement or front pay.  Courts have determined that it is reasonable to add one year of front pay to the amount in controversy in an employment discrimination case.  *Id.* at *7; *see also Wineberger v. Racetrac*

*Petroleum, Inc.*, 672 F. App'x 914, 917 (11th Cir. 2016) (finding that the "district court correctly considered front pay because the amount in controversy is dependent on facts at the time of removal"); *Booker v. Doyon Sec. Servs., LLC*, No. 16-24146-CIV-LENARD/GOODMAN, 2017 U.S. Dist. LEXIS 220781, at *9 (S.D. Fla. Jan. 20, 2017) (finding that where front pay is available under applicable statute, front pay "may be considered for amount in controversy purposes").  Here, one year of front pay is approximately $100,602.  The amount Plaintiff may recover in front pay in addition to the amount she may recover in back pay well exceeds the minimum amount in controversy requirement.

### C.     COMPENSATORY DAMAGES

25.     Plaintiff also seeks compensatory damages.  *See* Exhibit 1 at WHEREFORE clause following ¶ 17.

26.     Evidence of compensatory damages can be considered in ascertaining if the amount in controversy exceeds $75,000.  *Booker*, 2017 U.S. Dist. LEXIS 220781 at *10 (noting that compensatory damages could be taken into consideration when determining amount in controversy); *Barnes v. Jetblue Airways Corp.*, No. 07-60441-CIV-COHN, 2007 U.S. Dist. LEXIS 33276, at *5 (S.D. Fla. May 7, 2007) (finding that the $75,000 jurisdictional amount was satisfied for diversity purposes based, in part, on plaintiff's claim for compensatory damages which the court determined could easily match the amount of economic damages).  Because Plaintiff could potentially recover approximately $129,621.81 in combined back pay (to date) and one year of front pay, by awarding an equal amount in compensatory damages, the amount in controversy could equal approximately $259,243.62

27.     Based on the fact that Plaintiff is seeking compensatory damages, the amount in controversy is easily satisfied, without even considering the remaining potential damages,

explained *infra*. *Roe*, 613 F.3d at 1061-62 (stating that "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.") (citations omitted).

### D.     ATTORNEY'S FEES AND COSTS

28.     Additionally, Plaintiff seeks recovery for reasonable attorney's fees and costs, which are provided for by the FWA to the prevailing party. *See* Fla. Stat. § 448.104. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, at *15 (M.D. Fla. July 14, 2014). Courts in the Southern District of Florida have found that "at a minimum, reasonable fees would be at least a third of any damage award." *Barnes*, 2007 U.S. Dist. LEXIS 33276 at *6. Again, following this precedent and taking into consideration Plaintiff's potential recovery as outlined above, Plaintiff's claims for damages easily surpass the amount in controversy requirement.

### D.     PLAINTIFF'S SETTLEMENT DEMAND

29.     Finally, in this case, Plaintiff made a settlement demand significantly in excess of $75,000, which is sufficient for the Court to find that the amount in controversy exceeds $75,000.[3] *See Nachamkin v. Garden Fresh Rest. Corp.*, No. 14-CV-80917-RYSKAMP/HOPKINS, 2014 U.S. Dist. LEXIS 192118, at *4 (S.D. Fla. Oct. 10, 2014) (finding that Courts may consider settlement demands in determining whether removal is proper); *Gehl v. Direct Transport, Ltd.*, No. 12-cv-1869-Orl-31DAB, 2013 U.S. Dist. LEXIS 14630, at *7-9 (M.D. Fla. Feb. 4, 2013) (concluding that plaintiff's motion to remand arguing that defendant

---

[3]     Defendant can provide the Court with Plaintiff's written settlement demand, upon request, if Plaintiff disputes this fact.

had failed to meet the $75,000 amount in controversy was frivolous where plaintiff stated the case was worth over $75,000 in responding to defendant's settlement offer); *Mick v. De Vilbiss Air Power Co.*, No. 6:10-CV-1390-Orl-28GJK, 2010 U.S. Dist. LEXIS 136246, at *5-6 (M.D. Fla. Dec. 14, 2010) (finding that "[t]he demand letter filed one year after Plaintiff's injury contains sufficient facts to evaluate Plaintiff's demand that defendant pay $175,000 to settle the claim. The letter is evidence of Plaintiff's view of the amount in controversy, and that view is relevant in deciding the Motion to Remand").

30.     Based on Plaintiff's potential recovery of back pay, front pay, compensatory damages, and attorney's fees, coupled with Plaintiff's settlement demand, Defendant has established by a preponderance of the evidence that the amount in controversy in this matter is in excess of $75,000. *See Read v. GMAC Ins. Co. Online*, No. 13-14316-CIV, 2013 U.S. Dist. LEXIS 192572, at *7 (S.D. Fla. Sep. 11, 2013) ("Making reasonable deductions, inferences, and other reasonable extrapolations from the pleadings, the Court finds that Plaintiff was seeking damages in excess of $75,000.00 from GMAC at the time of removal").

WHEREFORE, Defendant respectfully requests that the United States District Court for the Southern District of Florida accepts the removal of this action from the Circuit Court and directs that the Circuit Court in and for Broward County, Florida, has no further jurisdiction of this matter unless this case is remanded.

Dated: June 15, 2018

By: s/ Jason D. Berkowitz
Jason D. Berkowitz, Esq.
Florida Bar No. 0055414
E-mail: *jason.berkowitz@jacksonlewis.com*
Valerie L. Hooker, Esq.
Florida Bar No. 113688
Email: *valerie.hooker@jacksonlewis.com*
JACKSON LEWIS P.C.

9

One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305-577-7600
Facsimile:   305-373-4466
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of June 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on the counsel of record identified on the below Service List in the manner specified.

s/ Jason D. Berkowitz
Jason D. Berkowitz, Esq.

## SERVICE LIST

| | |
|---|---|
| Roderick V. Hannah, Esq. <br> Florida Bar No. 435384 <br> RODERICK V. HANNAH, ESQ., P.A. <br> Counsel for Plaintiff <br> 8751 W. Broward Boulevard, Suite 303 <br> Plantation, Florida  33324 <br> Telephone:  (954) 362-3800 <br> Facsimile:   (954) 362-3779 <br> E-Mail:  *rhannah@rhannahlaw.com* <br> Method of Service:  Service via CM/ECF | Ryan Lamchick, Esq. <br> Florida Bar No. 31098 <br> LAMCHICK LAW GROUP, P.A. <br> Co-counsel for Plaintiff <br> 9350 S. Dixie Highway, PH3 <br> Miami, Florida  33156 <br> Telephone:  (305) 670-4455 <br> Facsimile:   (305) 670-4422 <br> E-Mail:  *rlamchick@lamchick.com* <br> Method of Service:  Service via CM/ECF |