UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61359-CIV-DIMITROULEAS

JEANNETTE HATHAWAY,

    Plaintiff,

vs.

RAMCO-GERSHENSON, INC,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's August 16, 2018 Motion to Dismiss Amended Complaint or Motion for More Definite Statement [DE 14]. The Court has considered Plaintiff's September 13, 2018 Response [DE 17] and Defendant's September 27, 2018 Reply [DE 20] and finds as follows:

On July 19, 2018, Plaintiff filed a two-count Amended Complaint against Defendant alleging: (1) unlawful retaliation in violation of Florida's Private Whistleblower Act ("FWA") (Count I); and (2) breach of contract for the alleged failure to pay a year-end bonus, commissions, and expense reimbursements (Count II).[1] Defendant has moved to dismiss both counts.

## STANDARD OF REVIEW

Rule 8(a)(2) requires " a short and plain statement of the claim showing that the pleader is entitled to relief", in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a

---

[1] On June 15, 2018, Defendant removed this action to federal court based on diversity jurisdiction. [DE 1].

motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)). However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to other evidence to support the claims.'" *Twombly,* 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds. *Davis v. Scherer,* 488 U.S. 183 (1983)). "A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F. 3d 949, 959 (11th Cir. 2009) (*quoting St. George v. Pinellas Cnty.*, 285 F. 3d 1334, 1337 (11th Cir. 2002)). However, "[a] court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Id.* (citing *Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F. 3d 1364, 1369 (11th Cir. 1997)).

## DISCUSSION

I. <u>Violation of the Florida Whistleblower Act</u>

The Florida Whistleblower Act ("FWA") § 448. 102, Fla. Stat., prohibits employers from taking retaliatory action against their employees for reporting violations of laws, rules, or regulations. The statute provides:

> An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath in writing, an activity, policy, or practice of the employer that is in violation of a law, rule or regulation. However, this subsection does not apply unless the employee has in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy or practice.
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation or a law, rule or regulation by the employer.
>
> (3) Objected to, or refused to participate in, any activity, policy or practice of the employer which is *in violation of the law, rule or regulation*.

§ 448.102, Fla. Stat. (emphasis added)

In the Eleventh Circuit, courts apply the same burden-shifting framework used in Title VII retaliation cases to claims under the FWA. *Sierminsky v. Transouth Fin. Corp.*, 216 F. 3d 945, 950 (11th Cir. 2000). That is, an employee must first make a prima facie showing of retaliation. As with a Title VII retaliation claim, an employee can establish the prima facie case by showing that (1) she engaged in statutorily protected activity, (2) she was subjected to adverse employment action, and (3) there was a causal connection between the events. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). If the employee can meet these elements, the burden then shifts to the employer to articulate a non-retaliatory reason for its

action. *Id.* If the employer can present a non-retaliatory reason, the burden then shifts back to the employee to show that the employer's reason is pretext. *Id.*

Notably, the FWS's requirement that an employer's policy be "in violation of a law" is "unequivocal." *Grady v. Wal-Mart Stores E., LP*, 237 F. Supp. 3d 1223, 1227 (M.D. Fla. 2017). The FWA does not provide protection to employees for "alleged" or "suspected" violations of the law. *Id.* The Court is persuaded by Judge Antoon's opinion in *Grady* that the Supreme Court of Florida would adopt the Second DCA's opinion in *Kearns v. Farmer Acquisition Co.*, 152 So. 3d 458, 462 (Fla. 2d DCA 2015) rather than the Fourth DCA's opinion in *Aery v. Wallace-Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013); *see also Fonseca v. Ferman Motor Car Co.,* 2018 WL 3610541, *6 (M.D. Fla. 2018). Moreover, Plaintiff has not pled an actual violation of the statutes: FTCA, FDUTPA, or Florida RICO.

This Court has previously held that Rule 9(b) does not apply to FDUTPA claims. *Sanchez-Knutson v. Ford Motor Co.*, 52 F. Supp. 3d 1223, 1239 (S.D. Fla. 2014). Other courts have held that some FDUTPA claims are controlled by Rule 9(b). *See, e.g., Leon v. Continental AG*, 301 F. Supp. 3d 1203, 1226 (S.D. Fla. 2017). FTCA and Florida RICO claims can be based on non-fraudulent activity. Consequently, Rule 9(b) does not apply to this FWA complaint.

Petty and trivial slights cannot be a basis for a continuing series of retaliatory actions. *Brown v. FAU*, 2016 WL 6236320, *11 (S.D. Fla. 2016). Here, Plaintiff has sufficiently alleged a chain of retaliatory events to support a causation finding. Consequently, the Court will give Plaintiff one more opportunity to allege an actual violation of the law.

II.     Breach of Contract

In Count II, Plaintiff asserts:

Plaintiff and Defendant entered into a verbal contract under which Defendant
agreed to pay Plaintiff wages, including year-end bonuses and commission based

4

> on performance and Plaintiff's ability to achieve year-end budgeted quotas and goals, including AI quotas and goals. In addition, Defendant agreed to reimburse Plaintiff for all necessarily incurred business-related expenses, including business-related travel expenses such as tolls, parking, and mileage.

Am. Compl. ¶ 26. Paragraph 27 alleges that her 2017 year-end bonus and commissions totaled $10,493.40. Paragraph 28 alleges that she is entitled to $1,738 in business-related travel expenses for January-February 2018.

Plaintiff has not alleged the agreed upon method of calculating a bonus or commission or what business-related travel expenses were incurred. The breach of contract claim is dismissed, without prejudice to amend.[2]

Wherefore, Defendant's Motion to Dismiss [DE 14] is **GRANTED**, without prejudice to Plaintiff's filing a Second Amended Complaint on or before December 11, 2018.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 29th day of November, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of Record

---

[2] Should the Plaintiff seek to file a Second Amended Complaint only on the Breach of Contract Count, Plaintiff must be prepared to allege diversity jurisdiction.