UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61359-CIV-DIMITROULEAS

JEANNETTE HATHAWAY,

    Plaintiff,

vs.

RAMCO-GERSHENSON, INC,

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS AND REQUIRING RESPONSE

THIS CAUSE is before the Court on Defendant's Motion to Dismiss the Second Amended Complaint [DE 23] (the "Motion"). The Court has considered the Motion, The Response [DE 26], and the Reply [DE 27], and is otherwise fully advised in the premises.

On November 29, 2018, The Court granted Defendant's Motion to dismiss the Amended Complaint, dismissing Plaintiff's two-count Amended Complaint without prejudice for: (1) unlawful retaliation in violation of Florida's Private Whistleblower Act ("FWA") (Count I); and (2) breach of contract for the alleged failure to pay a year-end bonus, commissions, and expense reimbursements (Count II). Plaintiff filed the Second Amended Complaint ("SAC") on December 12, 2018. Defendant has moved to dismiss the SAC in its entirety.

## STANDARD OF REVIEW

Rule 8(a)(2) requires " a short and plain statement of the claim showing that the pleader is entitled to relief", in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)). However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to other evidence to support the claims.'" *Twombly,* 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds. *Davis v. Scherer,* 488 U.S. 183 (1983)). "A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F. 3d 949, 959 (11th Cir. 2009) (*quoting St. George v. Pinellas Cnty.*, 285 F. 3d 1334, 1337 (11th Cir. 2002)). However, "[a] court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Id.* (citing *Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F. 3d 1364, 1369 (11th Cir. 1997)).

**DISCUSSION**

I. <u>Violation of the Florida Whistleblower Act</u>

The Florida Whistleblower Act ("FWA") § 448. 102, Fla. Stat., prohibits employers from taking retaliatory action against their employees for reporting violations of laws, rules, or

regulations. The Court previously dismissed this claim for failure to allege a violation of law. *See* [DE 21].

Notably, the FWS's requirement that an employer's policy be "in violation of a law" is "unequivocal." *Grady v. Wal-Mart Stores E., LP*, 237 F. Supp. 3d 1223, 1227 (M.D. Fla. 2017). The FWA does not provide protection to employees for "alleged" or "suspected" violations of the law. *Id.* The Court is persuaded by Judge Antoon's opinion in *Grady* that the Supreme Court of Florida would adopt the Second DCA's opinion in *Kearns v. Farmer Acquisition Co.*, 152 So. 3d 458, 462 (Fla. 2d DCA 2015) rather than the Fourth DCA's opinion in *Aery v. Wallace-Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013); *see also Fonseca v. Ferman Motor Car Co.,* 2018 WL 3610541, *6 (M.D. Fla. 2018). Moreover, Plaintiff has not pled an actual violation of the statutes: FTCA, FDUTPA, or Florida RICO.

The Court warned that Plaintiff would be given only "one more opportunity to allege an actual violation of the law." [DE 21]. The SAC has not cured this deficiency. Plaintiff has twice amended the complaint. Further amendment is not justified. Accordingly, this claim is dismissed with prejudice.

II.     Breach of Contract

The Court previously found that Plaintiff failed to allege the agreed upon method of calculating a bonus or commission or what business-related travel expenses were incurred in order to state a claim for breach of contract. Therefore, the court dismissed the breach of contract claim without prejudice to amend. Plaintiff's SAC has made sufficient allegations related to the bonus, commission, and business-related expenses to withstand a motion to dismiss.

Therefore, the claim for breach of contract may proceed. The Court previously informed Plaintiff that "[s]hould the Plaintiff seek to file a Second Amended Complaint only on the

Breach of Contract Count, Plaintiff must be prepared to allege diversity jurisdiction." [DE 21]. Since the breach of contract claim is the only remaining claim, and the amount in controversy is not met as to the breach of contract claim, the Court questions the basis for subject matter jurisdiction over the breach of contract claim. Defendant, since this case is before the Court based on Removal, has seven days to file a Response indicating the Court's basis for subject matter jurisdiction. Plaintiff may respond within seven days thereafter.

## CONCLUSION

Wherefore, Defendant's Motion to Dismiss [DE 23] is **GRANTED in part**. Count I is **DISMISSED with prejudice**. Defendant has until **April 4, 2019** to file a Response to this Order describing a basis for subject matter jurisdiction over Count II. Plaintiff may respond within seven days thereafter.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 21st day of March, 2019.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of Record